# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathon Wesley White, | Civ. No. 17-1893 (DWF/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Nathon Wesley White pleaded guilty in 2009 to second-degree criminal sexual assault in Minnesota state court. *See White v. State of Minnesota*, No. A13-0744, 2013 WL 6223569, at *1 (Minn. Ct. App. Dec. 2, 2013). Forty months later, White sought, in a petition for post-conviction review, to withdraw his guilty plea on the basis that the trial court "had improperly induced him into pleading guilty by denying his request for a continuance." *Id.* White's petition for post-conviction review was denied by the trial court as untimely, the Minnesota Court of Appeals affirmed the denial, and the Minnesota Supreme Court declined review.

White now brings a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, challenging the validity of his conviction on largely the same grounds that were presented in the state-court petition for post-conviction review. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of White's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts. Based on that review, this Court recommends dismissal of White's petition as untimely.

White's petition is barred by the relevant statute of limitations. Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Three of those provisions are inapplicable to this case. (1) There was no impediment, created by State action, to White seeking habeas corpus relief earlier than he did, § 2244(d)(1)(B); (2) White does not assert a newly recognized constitutional right, § 2244(d)(1)(C); and (3) White's claims do not depend upon a factual predicate that

could not have been discovered prior to his conviction becoming final, § 2244(d)(1)(D)—
White would have known at the time of sentencing whether he had been pressured into
pleading guilty by the trial court.

Section 2244(d)(1)(A) therefore establishes the limitations period in this case.
Under that provision, a habeas petitioner's one-year limitation period begins on "the date
on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review." Since White did not directly appeal his 2009 guilty
plea, the criminal judgment in this matter became final for purposes of § 2244(d)(1)(A) at
the expiration of time for White to seek direct appellate review — i.e., 90 days after
sentencing. *See* Minn. R. Crim. P. 28.05. White was sentenced on August 31, 2009.
(Doc. No. 1, Habeas Pet. 1.) Therefore, White's sentence became final when he failed to
appeal his sentence on or before November 30, 2009.[1] The one-year limitations period
established by § 2244(d)(1)(A) expired exactly one year later, on November 30, 2010.
White's petition, which was filed in June 2017, was too late under § 2244(d)(1)(A).

White argues that this tardiness should be excused because the delay between the
date of his sentencing and the prosecution of the state-court petition for postconviction
review was caused by his attorney, who misled him into believing that a direct appeal had
been filed. *See* Petition at 13. But even if these allegations were to be accepted as true
and regarded as sufficient to equitably toll the statutory limitations period, White has not

---

[1] The ninetieth day after White's sentencing was a Sunday; White therefore had
until the following Monday—November 30, 2009—in which to file his notice of appeal.
*See* Minn. R. Crim. P. 34.01.

accounted for the *additional* delay of over three years between when the Minnesota Supreme Court declined review of the denial of his petition for post-conviction relief and when he submitted his federal habeas corpus petition.

Because it is clear on the face of White's habeas petition and the relevant state-court records that White's petition is barred by the statute of limitations, this Court recommends that the petition be denied.

## CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat White's current habeas corpus petition differently than it is being treated here. White has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that White should not be granted a COA in this matter.

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY RECOMMENDED**:

1.     Petitioner Nathon Wesley White's petition for a writ of habeas corpus

(Doc. No. 1) be **DISMISSED**;

2.     White's application to proceed *in forma pauperis* (Doc. No. 4) be

**DENIED**; and

3.     No certificate of appealability be issued.

Dated: August 3, 2017                              *s/ Becky R. Thorson*_____
                                                   Becky R. Thorson
                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).